# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * *
VIRGINIA VAN ZANDT,             *
                                *    No. 19-746V
            Petitioner,         *    Special Master Christian J. Moran
                                *
v.                              *    Filed: September 27, 2023
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
            Respondent.         *
* * * * * * * * * * * * * * * * * * * * *
```

Bridget C. McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Katherine C. Esposito, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Virginia Van Zandt's motion for final attorneys' fees and costs. She is awarded $68,752.99.

\* \* \*

On May 20, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the influenza vaccination administered to her on November 6, 2017, caused her to suffer Guillain-Barré syndrome. The key issue in this case was the date of onset, and the parties retained expert neurologists to opine on the issue. A hearing was held in San Francisco, California, on February 23, 2022, and a follow-up oral argument was held via videoconferencing on May 12, 2022. After all evidence had been submitted, the undersigned found that petitioner had failed to establish she was entitled to compensation and issued a decision denying compensation on May 13, 2022, memorializing this decision. 2022 WL 1948658.

On November 14, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $43,775.50 and attorneys' costs of $26,578.28 for a total request of $70,353.78. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of his case. Id. On November 22, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\* \* \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step

process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of his counsel: for Ms. Bridget McCullough: $225.00 per hour for work performed in 2019, $250.00 per hour for work performed in 2020, $275.00 per hour for work performed in 2021, and $300.00 per hour for work performed in 2022; and for Mr. Max Muller, $317.00 per hour for work performed in 2018, $350.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, and $400.00 per hour for work performed in 2022. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned has previously awarded to petitioner's counsel at Muller Brazil, LLP for their Vaccine Program work. See, e.g. Wiltse v. Sec'y of Health & Human Servs., No. 19-1273V, 2022 WL 854904 (Fed. Cl. Spec. Mstr. Feb. 25, 2022); Rutherford v. Sec'y of Health & Human Servs., No. 18-487V, 2020 WL 6582178, at *2 (Fed. Cl. Spec. Mstr. Oct. 19, 2020). Accordingly, the requested hourly rates are reasonable for most of the work.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioners are awarded final attorneys' fees in the amount of $43,775.50.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $26,578.28 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, travel costs associated with attending the entitlement hearing in San Francisco, a copy of the transcript, and work performed by petitioner's expert neurologist, Dr. Frederick Nahm. Fees App. at 12.

For the work of Dr. Nahm, petitioner requests a total of $21,817.33, which includes 34.48 hours spent performing case work (reviewing medical records, preparing an expert report, preparing for trial, and attending the entitlement hearing) at $500.00 per hour, plus approximately 10.6 hours of travel, and $1,913.16 in costs. Dr. Nahm's hourly rate is consistent with what he has previously been awarded in the Vaccine Program and the hours billed are reasonable for the work he performed in this case. See, e.g., Karapetian v. Sec'y of Health & Human Servs., No. 19-546V, 2022 WL 1865083, at *3 (Fed. Cl. Spec. Mstr. May 9, 2022). However, petitioner has not provided any documentation of Dr. Nahm's airfare, claimed to be $1,127.19. This cost cannot therefore be reimbursed. Overall, a reasonable award for Dr. Nahm's work is $20,690.14.

The remainder of the costs (acquiring medical records, postage, and the filing fee) are routine, supported with documentation, and reasonable in the undersigned's experience, with the exception of Ms. McCullough's airfare to the entitlement hearing. The submitted invoice reflects that she flew business class to

San Francisco (although she flew economy on the way back). Fees App. at 30. The Court has previously declined to compensate petitioners for first-class airfare, business-class train fare, and Acela Express train fare. See <u>Tetlock v. Sec'y of Health & Human Servs.</u>, No. 10-56V, 2017 WL 5664257, at *6 (Fed. Cl. Spec. Mstr. Nov. 1, 2017). To offset this issue, the undersigned will reduce the requested airfare costs by 50%, resulting in a reduction of $473.60.

Petitioner is therefore awarded final attorneys' costs of $24,977.49.

D.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$68,752.99** (representing $43,775.50 in attorneys' fees and $24,977.49 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Bridget McCullough.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.